
FILED
FEBRUARY 25, 2008
KAREN S. MITCHELL
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| MARCO ANTONIO ROMERO, § | | |
| aka Marco Romero Gutierrez, § | | |
| aka Marco Antonio Romero Gutierrez § | | |
| § | | |
| Petitioner, § | | |
| § | | |
| v. § | | 2:07-CV-0251 |
| § | | |
| NATHANIEL QUARTERMAN, Director, § | | |
| Texas Department of Criminal Justice, § | | |
| Correctional Institutions Division, § | | |
| § | | |
| Respondent. § | | |

**REPORT AND RECOMMENDATION TO DISMISS SUCCESSIVE PETITION
FOR A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

Petitioner MARCO ANTONIO ROMERO has filed with this Court a Petition for a Writ of Habeas Corpus by a Person in State Custody challenging his state conviction for the offense of sexual assault. For the reasons set forth below, it is the opinion of the undersigned United States Magistrate Judge that petitioner's federal application for habeas corpus relief is successive and should be DISMISSED.

I.
PROCEDURAL HISTORY

On August 17, 2000, in Cause No. CR-00H-108, petitioner was indicted in the 222nd Judicial District Court of Deaf Smith County, Texas, for the offense of sexual assault, a second degree felony. *See* Tex. Penal Code § 22.011(a)(1)(A), (f) (Vernon 2000). The indictment alleged a 1981

burglary of a habitation felony conviction for purposes of enhancing the offense to a first degree felony. *See* Tex. Penal Code § 12.42(b) (Vernon 2000). On January 16, 2003, petitioner, pursuant to a plea agreement, pled guilty to the offense of sexual assault and true to the enhancement paragraph. Pursuant to a plea agreement, the trial court assessed petitioner's punishment at confinement in the Texas Department of Criminal Justice, Institutional Division (TDCJ-ID) for ten years. Petitioner did not directly appeal his conviction and sentence to the appropriate state appellate court.

Petitioner sought review of his conviction by way of a state application for habeas corpus relief. On October 1, 2003, the Texas Court of Criminal Appeals dismissed such petition for failure to comply with state appellate rules. *In re Romero*, No. 57,138-01. On October 28, 2003, petitioner filed a second state writ with the state trial court. On March 24, 2004, the Texas Court of Criminal Appeals denied petitioner's state habeas application without written order. *Ex parte Romero*, No. 57,138-02.

On April 9, 2004, petitioner filed an application for federal habeas relief with this Court.[1] On December 28, 2006, this Court denied petitioner's federal habeas petition. On February 22, 2005, petitioner filed an "Interlocutory Application" challenging his sexual assault conviction, which was construed as an application for a federal writ of habeas corpus. On May 24, 2005, petitioner's habeas application was dismissed for want of prosecution. On November 15, 2007, petitioner filed a "Motion for Summary Judgment" which was construed as an attempt to initiate a federal habeas corpus proceeding. On December 26, 2007, petitioner, in response to this Court's order, filed a form petition for a writ of habeas corpus.

---

[1] *See Spotville v. Cain*, 149 F.3d 374, 376-78 (5th Cir. 1998) (a prisoner's federal habeas corpus petition is deemed filed when he delivers the petition to prison officials for mailing to the district court).

## II.
## PETITIONER'S ALLEGATIONS

Petitioner appears to contend he is being held in violation of the Constitution and laws of the United States for the following reasons:

1. Petitioner's conviction is a miscarriage of justice as the victim's accusations were false and petitioner is actually innocent of the charged offense;

2. Petitioner was denied effective assistance of counsel; and

3. Petitioner's guilty plea was involuntary because he was not advised of the deportation consequences of his plea.

## III.
## PERMISSION TO FILE APPLICATION

By the instant federal habeas corpus application, petitioner challenges his conviction for the offense of sexual assault. Petitioner has challenged his sexual assault conviction and ten-year sentence in two previous federal habeas corpus applications filed in this Court. *See Romero v. Dretke*, No. 2:05-CV-0058; *Romero v. Quarterman*, No. 2:04-CV-0088. On May 24, 2005, and December 28, 2006, respectively, this Court denied petitioner's prior federal habeas corpus applications.

Title 28 U.S.C. § 2244(b)(2) permits a district court to consider a claim presented in a second or successive habeas application[2] that was not presented in a prior application if the claim (1) relies on a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or (2) is based on a factual predicate that could not have been discovered previously through the exercise of due diligence and which, if proven and

---

[2]Title 2244(b) does not define what constitutes a "second or successive habeas corpus application." Even so, the undersigned finds the instant application for habeas relief is a "second or successive habeas corpus application" within the meaning of section 2244(b) because it, like petitioner's prior habeas applications, challenges petitioner's custody pursuant to his conviction for the offense of sexual assault in Cause No. CR-00H-108 out of the 222nd Judicial District Court of Deaf Smith County, Texas.

viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found petitioner guilty of the underlying offense. In the instant case, however, it is not necessary to determine whether this Court may consider petitioner's claims presented in the current petition because petitioner has failed to fulfill the preliminary procedural filing requirements pertaining to successive petitions.

Title 28 U.S.C. § 2244(b)(3)(A) provides that **before** a second or successive application permitted by section 2244(b)(2) is ***filed*** in the district court, "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Section 2244(b)(3)(A), which became effective April 24, 1996, creates a "gatekeeping" mechanism at the appellate court for the consideration of second or successive applications in the district courts. *Felker v. Turpin*, 518 U.S. 651, 657, 116 S.Ct. 2333, 135 L.Ed.2d 827 (1996). Specifically, it "transfers from the district court to the court of appeals a screening function which would previously have been performed by the district court." *Id.*, 518 U.S. at 664. Permission may be obtained only by filing, with the appropriate federal appellate court, a motion for authorization to file a successive habeas petition with the district court. *In re Epps*, 127 F.3d 364 (5th Cir. 1997) (detailing the procedure for obtaining authorization from the appellate court). The federal court of appeals may authorize the filing of a second or successive application for habeas relief only if it determines the application makes a prima facie showing that the application satisfies the requirements set forth in 28 U.S.C. § 2244(b)(2).

In the instant application, petitioner has not made any showing of having obtained authorization from the Fifth Circuit Court of Appeals, the appropriate appellate court, to file this, his third, federal habeas corpus application. Because petitioner has failed to obtain the appropriate appellate court permission to file a successive federal habeas petition with this Court as required by

HAB54\R&R\ROMERO-251:3                    4

28 U.S.C. § 2244(b)(3)(A), this Court has no authority to consider his request for relief. Consequently, it is the undersigned's opinion that this Court lacks subject matter jurisdiction to consider petitioner's application for a writ of habeas corpus and that petitioner's federal application for habeas corpus relief should be dismissed for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), (h)(3) of the Federal Rules of Civil Procedure, and 28 U.S.C. § 2244(b)(3)(A).

## IV.
## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Petition for a Writ of Habeas Corpus by a Person in State Custody filed by petitioner MARCO ANTONIO ROMERO be DISMISSED.

## V.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 25th day of February 2008.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## * <u>NOTICE OF RIGHT TO OBJECT</u> *

Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(B), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(D). When service is made by mail or electronic means, three (3) days are added after the prescribed period. Fed. R. Civ. P. 6(e). Therefore, any objections must be <u>filed</u> **on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).